United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                    Case No. 19-12920-elf
Tracy A. Barco                                                            Chapter 13
         Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: DonnaR              Page 1 of 1          Date Rcvd: Jul 06, 2020
                             Form ID: pdf900            Total Noticed: 1


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2020.
db            +Tracy A. Barco,   2410 Vista Street,   Philadelphia, PA 19152-4305

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                   TOTAL: 0

           ***** BYPASSED RECIPIENTS *****
NONE.                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING


The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 6, 2020 at the address(es) listed below:
         KEVIN G. MCDONALD   on behalf of Creditor   The Bank of New York Mellon as Trustee for CWABS,
          Inc. Asset-Backed Certificates, Series 2007-2 bkgroup@kmllawgroup.com
         MARIO J. HANYON   on behalf of Creditor   WELLS FARGO BANK, N.A. paeb@fedphe.com
         PAUL H. YOUNG   on behalf of Debtor Tracy A. Barco support@ymalaw.com,   ykaecf@gmail.com,
          paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
         United States Trustee   USTPRegion03.PH.ECF@usdoj.gov
         WILLIAM C. MILLER, Esq.   ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                      TOTAL: 5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                    :         **Chapter 13**
    **TRACEY A. BARCO,**              :
               **Debtor**        :
                                                :         **Bky. No.  19-12920 ELF**

## O R D E R

        **AND NOW**, **WHEREAS**:

A.  The Debtor's counsel ("the Applicant") has filed an Application for Allowance of Compensation ("the Application").

B.  The Application is being considered following the dismissal of this case, consistent with <u>In re Lewis</u>, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

C.  The Applicant requests that pre-confirmation plan payments held by the chapter 13 trustee be distributed to the Applicant.

D.  The Applicant has certified that proper service has been made on all interested parties and that there has been no response filed.

E.  The Debtor paid the Applicant **$1,000.00** in compensation  before the commencement of the case.

F.  Reasonable and allowable compensation is equal to or exceeds the sum of the pre-petition retainer and the amount of money presently held by the chapter 13 trustee **(i.e., $1,480.80 )**.

        It is therefore, **ORDERED** and **DETERMINED** that:

1.  The Application is **GRANTED**.

2.  Compensation is allowed in favor of the Applicant, but it is unnecessary for the court to determine that the requested compensation be allowed in a specific amount.

3.  The Chapter 13 Trustee  is authorized and directed to distribute to the Applicant as an administrative expense pursuant to 11 U.S.C. §1326(b), 11 U.S.C. §507, 11 U.S.C. §503(b) and 11 U.S.C. §330(a)(4)(B), all funds in his possession that are available for distribution to the Applicant.

Date:  7/6/20
                                              **ERIC L. FRANK**
                                              **U.S. BANKRUPTCY JUDGE**